SAMUEL DONELSON *et als. v.* THE STATE.

**1.** SUMMARY PROCEEDINGS. *Motion by the State. Circuit Court. Jurisdiction.* A motion by the State against the clerk of a criminal court and his sureties for a failure to pay over revenue, may be made in the circuit court.

**2.** SAME. *Revenue.* The term "revenue" includes not only money raised by some of the modes of taxation, but in one sense all money belonging to the State.

**3.** SAME. *Jail fees. Costs certified as required by statute is in the nature of a judgment.* If jail fees in felony cases are taxed to the county and *certified,* as required by the statute, by the *Attorney-General* and *Judge* as *properly taxed,* and as costs accrued on *behalf of the county,* it is in the nature of a judgment, and the county not having appealed therefrom, the clerk, having collected such fees, will not be heard to object that the county was not liable for such fees.

FROM DAVIDSON.

. Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

Donelson *v.* State.

E. H. EAST, W. A. THOMA and J. D. WADE for Donelson.

ATTORNEY-GENERAL LEA and T. MATHEWS for the State.

McFARLAND, J., delivered the opinion of the court.

This is a motion by the State against Donelson and his sureties for money which he collected, or should have collected, while Clerk of the Criminal Court of Davidson county, belonging to the State, which he has failed to account for or pay over. The judgment was for the State, and Donelson and part of his sureties have appealed.

The first objection is, that the Circuit Court of Davidson county, in which the motion was made, had no jurisdiction; that the motion was cognizable alone in the Criminal Court, of which Donelson was clerk. The Code, sec. 3589, in the article devoted to general provisions relating to summary proceedings, enacts that "the motion shall be made, unless in cases where otherwise provided by this Code, as follows: "Where the motion is against an officer for official default, it may be made in the court in which the officer was acting officially at the time, or in the court to which process was returnable, when the default consists in the failure to execute or return process."

It is argued that this motion was for official default of the clerk, and should have been made in the court of which he was clerk. It was held in the

case of *Smiley* v. *Bigley,* 5 Sneed, 280, that the Criminal Court of Davidson county had jurisdiction to render judgment by motion against its clerk for costs due the sheriff. It was said that the circuit court had this jurisdiction, and the act creating the Criminal Court of Davidson county was intended to give the same remedies against its clerk, but at all events the act of 1824 makes the clerk of any court liable to the motion in that court, so that a motion in favor of an individual would lie in the criminal court against the clerk; whether in the circuit court also or not, it is perhaps unnecessary to inquire. But in respect to the State there are other provisions. Sec. 207, sub-sec. 32, makes it the duty of the comptroller to enforce collection from any person charged with the collection of any branch of the State revenue at the first or any subsequent term of the circuit court after it becomes due, when there is apprehension of loss.

Sec. 730 is as follows:

"Any officer concerned in the collection of revenue who has failed to collect, make returns or settlement, or pay over moneys of the State by him received, at the time and in the manner required by law, may be proceeded against summarily by motion in the *Circuit Court* by the proper law officer of the State, pursuant to the instructions of the comptroller."

As sec. 3589 limits its operation to cases not otherwise provided by the Code, it is clear that the above section is broad enough to give the jurisdiction to the circuit court, if the money sought to be recovered is "revenue." This, however, is denied as

to a large part of the recovery. It appears that the larger part of the sum recovered is claimed to be due the State in this way.

In a number of prosecutions for felony in the Criminal Court of Davidson county, where the defendants were in jail, the jail fees were collected from the State monthly in advance, in accordance with section 5435b.c., T. & S. Code. Upon final trial and conviction, these fees were taxed in the bill of costs, which the defendant was sentenced to work out in the workhouse, and were thereupon paid to the clerk by the county. It is argued that if the State is entitled to this money at all, it is not revenue, and the motion given by sec. 730 does not lie; and besides, as the State in its motion specially moves for "revenue unaccounted for," proof of the facts indicated does not sustain the motion. It is true this is not one of the sources of revenue defined by the statute. Code, sec. 538. Perhaps in its exact definition it may be confined to money raised by some of the modes of taxation, but in one sense all money belonging to the State is revenue.

It is claimed that this should be more properly described as "costs." But strictly speaking the State does not render service for which it is entitled to costs. These costs are paid by the State out of its revenues, and the motion is to collect the money for reimbursement. It is a civil proceeding, properly cognizable in a civil court, the circuit court being one of general jurisdiction. We hold, therefore, that the circuit court had jurisdiction.

2. It is objected that the motion is not predicated upon the proper bond. Secs. 326, 327 and 328, in respect to clerks in general, require different bonds to be given, one in the penalty of $5,000, to secure taxes on suits, fines and forfeitures, and it is claimed that the bond now moved upon is this bond, and was only intended to cover taxes on suits, fines, and forfeitures, and the liability in the present case does not come under either head. But the act creating the criminal court of Davidson county in express terms requires the clerk to give a bond in the penalty of $5,000 for the faithful performance of his duties to secure fines, forfeitures and *other moneys* coming to his hands as clerk, and it is provided that the clerk is to be liable to motion upon the bond as other clerks. The present bond is given in conformity with this act, and is in terms as general as the act requires, and it is clear that the liability arises upon this bond. See sec. 4258, Code.

Again, it is earnestly argued that there should have been no recovery as to the jail fees claimed. The argument is, that in felony cases the State and not the county pays the costs where it cannot be made out of the defendant, and there is no provision or authority of law requiring the county to refund to the State any part of such costs paid by the State, nor in fact any authority upon the part of the county to pay such costs, and if the costs were paid by the county to the clerk it was money paid by mistake, and should be recovered back by the county.

The act authorizing the payment of the jail fees

in advance from the State and county provides that if any part of the fees be afterward collected from the defendant the same shall go to reimburse the State or county, as the case may be.

It is argued that the theory upon which the fees in this case were taxed to the county is, that the defendants in the several cases were adjudged to work out the costs in the workhouse, and in this mode the county realized the amount, and was liable to pay the same to the parties entitled. The objection to this is that the cases in which the fees were paid by the State were felony cases, and that the only cases in which defendants can be sentenced to work out the costs are misdemeanor cases, and that there is no authority of law for a county to pay the costs except in misdemeanor cases. The act of 1875, in relation to sentencing defendants to work out fines, costs, etc., in workhouses, after providing that persons convicted of misdemeanors shall, unless the costs are otherwise secured, in addition to any imprisonment imposed upon him as punishment, be sentenced to work out the fine and costs at a certain rate specified, provides that the county shall pay the costs in misdemeanors as now, and the net proceeds of the convict's labor shall be paid into the county treasury. See Acts of 1875, p. 117. Sec. 13 provides that every person sentenced to imprisonment in the county jail shall be compelled to work in the county workhouse unless he gives bond and security to secure the jail fees and other expenses incident to his imprisonment, in which event the county is to be released from liability in respect to such fees

and expenses. The record in the present case shows that it was agreed by the counsel that the jail fees in question were collected from the State in advance by the jailor for keeping certain prisoners "charged with larceny, and one charged with malicious stabbing. On conviction these prisoners were sent to the work-house of Davidson county, and the jail fees were taxed as part of the costs which they were sentenced to work out. The fees were included in the bills of costs which were made and certified and presented to the County Judge for payment, the amount being taxed "as jail fees to be returned to the State." It is argued with much plausibility that the act of 1875, before referred to, does not, nor does any other statute, give authority for requiring the county to pay the jail fees or other costs in felony cases. That act does provide that in misdemeanor cases the county shall pay the costs as before, not so much, as it is said, upon the assumption that the county would be re-imbursed by the labor of the convict, as this would be uncertain, but because the county would be liable for such costs in all misdemeanor cases where they could not be collected from the defendant, and if re-imbursed by the convict's labor it was well, or if not, the county would lose it as before. But there is no provision that in felony cases the county shall re-imburse the State for costs paid in advance by the State. That it would be unwarrantable to assume that the fees were in fact collected from the defendant and paid to the county by the defendant's labor, as in fact in many if not most cases, the convict is

released, or otherwise avoids the labor, so that there is no authority on any ground to adjudge the fees against the county. All this would be a matter of serious consideration but for the fact that this record shows that the defendants in the several cases were sentenced to work out the costs in the county workhouse, and the costs were taxed to the county, including the jail fees, and certified, as required by the statute, by the Attorney-General and Judge as properly taxed, and as costs accrued on behalf of the county.

This, as we have held, is itself equivalent to a judgment. The defendants in the cases and the county have submitted to the judgment of the criminal court, and we cannot declare the judgment void. Whether or not these judgments would have been held erroneous upon appeal, we need not determine.

It is again argued that the county did not pay these fees to the clerk, but upon that point we think the evidence sustains the verdict.

Judgment having been rendered against the county, and the money having been paid by the county to the clerk, and belonging in fact to the State, the motion was properly sustained, and the judgment will be affirmed.

The second case against the same parties is for State taxes upon litigation during a subsequent term of office. The same question is made as to the jurisdiction of the court, and also part of the State taxes claimed were collected from the county in the manner

indicated as to the jail fees, that is, as the defendants were sentenced to work out the costs in the work-house, the costs were taxed to and collected from the county, including the State tax.

For the reasons indicated in the foregoing opinion, we hold that whether this was erroneous or not, it was a judgment from which there was no appeal, and not being void is conclusive upon the parties. The other questions have been considered, and we are of opinion that there is no error in the record.

Judgment affirmed.